UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| L.S., BY AND THROUGH HIS PARENTS AND NEXT FRIENDS, I.S. AND S.S., | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 19-CV-6159-FJG |
| WEST PLATTE COUNTY R-II SCHOOL DISTRICT, | )<br>)<br>)<br>) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is the Joint Motion for Approval of a Settlement that Includes a Minor (Doc. # 41) and the Motion for Appointment of Next Friends (Doc. # 46).

On October 7, 2020, the Court held a settlement hearing regarding these motions. Plaintiff's counsel presented testimony from S.S. who described her background and education and who also discussed the proposed settlement agreement with the school district. S.S. testified that she participated in the mediation and believed that the settlement was reasonable and was in the best interests of her son. S.S. also described the services that L.S. has received in the past and also discussed what educational services she and her husband have arranged for L.S. to receive over the next three years, before he is eligible to re-enroll in a West Platte County R-II school. S.S. also briefly outlined the cost of the services and equipment that she and her husband have purchased for L.S. The Court inquired whether a summary of these costs and expenses had been provided and counsel confirmed that no written detailed summary of the costs of the L.S.'s educational services

or equipment had been provided to the Court or were contained in the motion seeking approval. Additionally, no written affidavit of S.S. was provided detailing these amounts.

In Elmore v. Mansfield, No. 3:11-cv-5088-DGK, 2013 WL 2666167, (W.D.Mo. June 12, 2013), the Court stated:

> Federal law looks to state law for the standard governing the approval of a minor settlement. See M.E. v. United States, No.4:05CV396-DJS, 2006 WL 1556794, at *1 (E.D.Mo. June 1, 2006). (using state law to determine whether the district court should approve a proposed minor settlement). . . .Under Missouri law, a lawsuit by a person who is not yet eighteen years-old may be settled only by a duly-appointed representative such as a guardian, conservator, next friend, or guardian ad litem. Mo.Rev.Stat. §§ 507.110, 507.115; Y.W. v. Nat'l Super Mkts., 876 S.W.2d 785, 788 (Mo.Ct. App 1994). Even a child's parent must be judicially-appointed to serve as the minor's representative. Y.W., 876 S.W.2d at 788. In determining whether a parent is qualified to serve as next friend and enter a settlement agreement on the child's behalf, a court should consider whether the parent has the necessary knowledge and ability and whether a conflict of interest exists between the parent and the child. Id. A parent who is duly-appointed as next friend may later be disqualified if a conflict of interest arises. Id. In litigation where both parent and child are parties, the court should consider appointing a conservator ad litem to represent the minor plaintiff's interests in settlement discussions. Vincent by Vincent v. Johnson, 833 S.W.2d 859, 863 n. 3 (Mo.1992). . . .The purpose of the statute is "to maximize the protection afforded a minor's legal action and insure that any settlement is in the best interest of the child." Fiegener v. Freeman-Oak Hill Health Sys., 996 S.W.2d 767, 774 (Mo.Ct.App. 1999). In reviewing a proposed settlement, the court must keep in mind that minors are considered wards of the court and their rights must be "jealously guarded as provided by statute." Y.W., 876 S.W.2d at 788.

Id. at *1-2.

After reviewing the motion and hearing the testimony of S.S., the court finds that S.S. and I.S. have the necessary knowledge and ability to serve as L.S.'s next friends in this litigation. The Court also finds that there is no conflict between L.S. and his parents and that they all share the common goal of ensuring that L.S. receive an adequate

education.  Accordingly, the Court hereby **GRANTS** plaintiff's Motion for the Appointment of S.S. and I.S. as next friends for L.S. (Doc. # 46).

After reviewing the Joint Motion for Approval of the Settlement Agreement and reviewing the contents of the Settlement Agreement, the Court has some concerns and finds that it cannot approve the Settlement Agreement on the existing record. During the hearing, S.S. provided some general information regarding what costs she and her husband have incurred to provide certain educational services and specialized equipment for L.S., but the court would like a more specific breakdown of what the projected costs and expenses of L.S.'s education needs will be over the next three years. The Court is also troubled by the fact that the settlement agreement provides that one hundred percent of the settlement funds will be paid to I.S. and S.S. and L.S. will receive no funds from the settlement. When the Court inquired regarding this point, counsel for the District indicated that this was because the IDEA does not allow for an award of damages. However, the plaintiffs also brought claims under the Rehabilitation Act and the ADA.  As the court stated in J.B. v. Tuolumne County Superintendent of School, No. 1:19-cv-00941-NONE-EPG, 2020 WL 5202057 (E.D.Ca. Aug. 31, 2020), a "district court's special duty requires it to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Id. at *2 (internal citation and quotation omitted). In the instant case the Court cannot determine on the record before it if this settlement is in the best interests of L.S.  As noted above, the Court is concerned regarding the value of L.S.'s claims in relation to his parent's claims. The claims brought by L.S. are for violations of the IDEA, the Rehabilitation Act and the ADA.  These claims are based on the allegations that the District failed to provide him with a free appropriate public education. The claims of  L.S.'s

3

parents are also brought pursuant to these same statutes and are brought because the parents are persons with disabilities and also suffer from hearing impairments. However, all of the parents' claims center on their allegation that the District refused to provide them with a draft of the IEP in advance of the IEP meeting and so they did not have the opportunity to review it before the meeting began. In the Motion for Approval of the Settlement, the parties do not discuss the value of L.S.'s claims versus his recovery under the Settlement, nor is there any discussion of L.S.'s claims versus his parent's claims.  As the court noted in Elmore, "[a] plausible valuation of the children's claims is necessary for the Court to make an informed, rational decision whether to approve the Settlement." Id. at *2.  In other words, the Court would like an explanation as to why the three main claims of L.S. were given no value, while the three more minor claims of the parents were allocated one hundred percent of the settlement.  As in Elmore, the Court is concerned regarding this disproportionate award and some explanation is necessary. Additionally, the Court would like an explanation as to whether a special needs trust or compensatory educational fund was considered for investment of the settlement funds. If this was rejected, the Court would like an explanation as to why this was not deemed feasible and also an explanation as to how the money will be invested or managed if the settlement is approved. The parties shall provide an explanation of these issues to the Court on or before **October 22, 2020.**

Date: October 7, 2020　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge